MAINE SUPREME JUDICIAL COURT                                    Reporter of Decisions
Decision:      2016 ME 151
Docket:        Cum-15-410
Argued:        April 6, 2016
Decided:       October 13, 2016

Panel:         SAUFLEY, C.J., and ALEXANDER, MEAD, GORMAN, JABAR, HJELM, and HUMPHREY, JJ.

STATE OF MAINE

v.

GEORGE H. HEDERSON

PER CURIAM

[¶1]  The State of Maine appeals from an order entered by the trial court (Cumberland County, *Wheeler, J.*) granting George H. Hederson's motion to dismiss one count of a complaint alleging violation of a protective order (Class D), 19-A M.R.S. § 4011(1) (2015).  On appeal, the State contends that the court erred when it dismissed that count after concluding that the no-contact bail conditions ordered by a New Hampshire bail commissioner are not "similar" to a protective order for purposes of Maine statutes governing protection from abuse, *see* 19-A M.R.S. §§ 4001-4014 (2015). We remand the matter to the Unified Criminal Docket for further proceedings.

2

## I. FACTS AND PROCEDURE

[¶2]  On January 29, 2015, Hederson was arrested in New Hampshire on a domestic violence charge.  He was released later that day on a $5,000 personal recognizance bail,[1] subject to a "domestic violence/stalking criminal order of protection including orders and conditions of bail."  The bail order and conditions, also issued the same day by a New Hampshire bail commissioner, required that Hederson stay 150 feet away from the victim and that he not contact, threaten, or abuse the victim.  The order also established an arraignment date of March 5, 2015, and stated that the conditions were imposed "pending arraignment."

[¶3]  On April 4, 2015, Hederson allegedly assaulted the victim in Portland, Maine.  On April 6, Hederson was charged by complaint in Maine with violation of a protective order (Class D), 19-A M.R.S. § 4011(1) (Count I), based on the New Hampshire order; and domestic violence assault (Class D), 17-A M.R.S. § 207-A(1)(A) (2015) (Count II).

[¶4]  On June 24, 2015, Hederson filed a motion to dismiss Count I on the ground that "a criminal bail order of protection issued by a bail

---

[1]  This practice appears to be similar to release in Maine on an unsecured bond. *Compare* N.H. Rev. Stat. Ann. § 597:2(I)(a) (LEXIS through ch. 330, 2016 Reg. Sess.), *with* 15 M.R.S. § 1026(2-A) (2015).

commissioner in New Hampshire is not the same or similar to '[a] temporary, interim, or final protective order' contemplated in [section 4011]."[2] The court heard oral argument and granted Hederson's motion to dismiss Count I, concluding that the conditions of release prohibiting contact were not a "similar order" within the meaning of section 4011. The court reasoned that bail conditions are not similar to a protection from abuse order because the latter requires a finding of abuse by a preponderance of the evidence, *see* 19-A M.R.S. § 4006(1), and the former does not. The State filed a motion for reconsideration, which the court denied. The State timely appealed.

## II. DISCUSSION

[¶5] The State's authority to appeal is controlled by 15 M.R.S. § 2115-A (2015). Section 2115-A provides, in pertinent part, that

> [a]n appeal may be taken by the State in criminal cases on questions of law . . . from a pretrial dismissal of an indictment, information or complaint[] or from any other order of the court

---

[2] Title 19-A M.R.S. § 4011(1) (2015) provides:

**1. Crime Committed.** Except as provided in subsections 2 and 4, violation of the following is a Class D crime when the defendant has prior actual notice, which may be notice by means other than service in hand, of the order or agreement:

**A.** A temporary, emergency, interim or final protective order, an order of a tribal court of the Passamaquoddy Tribe or the Penobscot Nation or a similar order issued by a court of the United States or of another state, territory, commonwealth or tribe; or

**B.** A court-approved consent agreement.

prior to trial which, either under the particular circumstances of the case or generally for the type of order in question, has a reasonable likelihood of causing either serious impairment to or termination of the prosecution.

15 M.R.S. § 2115-A(1).

[¶6]  Although section 2115-A provides the State with the authority to appeal, "the question always remains whether in any particular case it is inappropriate for us to exercise that jurisdiction."  *State v. Doucette*, 544 A.2d 1290, 1292 (Me. 1988).  On the record before the Court, we note an unanswered question of sufficient significance so as to present the possibility that we are being called upon to issue a purely advisory opinion.  The scant record from the New Hampshire proceedings includes only copies of the bail bond and the "criminal order of protection including orders and conditions of bail," both signed by a bail commissioner, and the complaint, signed by a justice of the peace.  The documents required Hederson to appear before the Ossipee Circuit Court on March 5, 2015, for arraignment.  The issue of bail would presumably be reviewed de novo by a judge at that appearance.

[¶7]  The arraignment date had passed by April 4, the date of the alleged assault in Maine, but we have no record of what, if anything, happened on March 5.  One possibility is that the bail conditions, which constitute the principal issue in the State's appeal, were modified or even eliminated

because the no-contact condition was expressly ordered to remain pending until the arraignment date. If the bail conditions were eliminated, any opinion by us regarding the issues raised in the briefs would be purely advisory. If the bail conditions were addressed or modified by a judge, then our analysis will depend on the terms of the order entered by the judge, and not on the expired terms in the bail commissioner's order.

[¶8] On this record, without clarification of the status of the bail conditions after the arraignment date, we cannot adequately address the issues raised by the parties. Accordingly, we remand the matter to the trial court to determine the facts and circumstances regarding the conditions of bail, if any, in the New Hampshire proceedings as they existed on April 4, 2015.

The entry is:

> The matter is remanded to the Unified Criminal Docket for further proceedings consistent with this decision. The court may reopen the record for receipt of further evidence at its discretion. If the State intends to pursue an appeal after further action by the court, it shall file a notice of appeal in the ordinary course.

---

6

**On the briefs:**

Stephanie Anderson, District Attorney, and Kate Tierney, Asst. Dist. Atty., Prosecutorial District Two, Portland, for appellant State of Maine

Jamesa J. Drake, Esq., Drake Law, LLC, Auburn, for appellee George H. Hederson

**At oral argument:**

Kate Tierney, Asst. Dist. Atty., for appellant State of Maine

Jamesa J. Drake, Esq., for appellee George H. Hederson

Cumberland County Unified Criminal Docket docket number CR-2015-1855
FOR CLERK REFERENCE ONLY